IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tech Blast, Inc., *a California corporation*; Visa Tech, Inc., *a California corporation*, | ) ) ) | C/A No. 3:16-2480-JMC-PJG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **REPORT AND RECOMMENDATION** |
| Lewis Clark, Jr., *an individual*; Aaron Troy Addison, *an individual*; Does 1 through 20, *inclusive*; Fanatik Productions, LLC, *a South Carolina limited liability company*; Thaddeus W. Jones, Jr., *an individual*; Darren Smith, *an individual, doing business as* D Smith Consulting, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs filed this diversity action on July 8, 2016. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Plaintiffs' motion for a final judgment as to Defendants Fanatik Productions, LLC and Thaddeus W. Jones, Jr. pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 67.) Having carefully reviewed Plaintiffs' motion and the applicable law, the court concludes the motion should be granted.

Plaintiffs filed their original Complaint against Defendants Lewis Clark, Jr., Ruby K. Clark,[1] and Aaron Troy Addison. (Compl., ECF No. 1.) Plaintiffs later amended the Complaint to add Defendants Fanatik Productions, LLC ("Fanatik"), Thaddeus Jones, Jr., Darren Smith, and Does 1 through 20. (Am. Compl., ECF No. 27.) Plaintiffs assert Lewis Clark, Jr. executed two

---

[1] The court previously dismissed Plaintiffs' claims against Ruby K. Clark. (ECF No. 57.)

Page 1 of 6



unauthorized wire transfers from Plaintiffs' business bank accounts on which Clark was an authorized co-signer. (Id. ¶ 15, ECF No. 27 at 3.) Plaintiffs indicate those transfers were made to bank accounts of Fanatik and Clark, and some of the funds eventually reached Addison. (Id. ¶¶ 17-18.) As to Darren Smith and the Doe Defendants, Plaintiffs indicate they conspired with the other defendants to steal money from Plaintiffs. (Id. ¶ 58, ECF No. 27 at 8.) Plaintiffs also indicate the Doe Defendants were unjustly enriched, and they seek the imposition of a constructive trust. (Id. ¶¶ 51-56, 63-65, ECF No. 7-9.) Plaintiffs' Amended Complaint seeks judgment totaling $278,555 among Defendants. (Id. ¶ A, ECF No. 27 at 9-10.)

On May 8, 2017, Plaintiffs filed a satisfaction of judgment that indicated Clark and Addison each executed a confession of judgment in the amount of $278,555 and paid Plaintiffs a total of $225,000 pursuant to the terms of a settlement agreement. (Id. ¶¶ 6-8, ECF No. 59-1 at 2.) The satisfaction of judgment indicates Plaintiffs reserve the right to seek the remainder of their damages in this matter against these defendants. (ECF No. 50.)

On May 16, 2017, Plaintiffs filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) as to Fanatik and Jones. (ECF No. 59.) In support of that motion, Plaintiffs attached the affidavit of Anthony Grimaldi, the president of Plaintiffs Tech Blast, Inc. and Visa Tech, Inc. (Grimaldi Aff., ECF No. 59-1.) Grimaldi swears that Plaintiffs have not received the remainder of the balance owed to them pursuant to the confession of judgment against Clark and Addison and, having not received any payment from the other defendants, Plaintiffs swear they seek a judgment for $53,555 plus costs from the remaining defendants. (Id. ¶¶ 9-12, ECF No. 59-1 at 3.)

Plaintiff now files a motion for a final judgment as to Fanatik and Jones pursuant to Federal Rule of Civil Procedure Rule 54(b). This rule allows the court to enter final judgment as to fewer

than all claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purposes of the rule are to prevent piecemeal appeals when multiple claims are resolved in a single lawsuit or to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of unadjudicated claims. Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Relief under Rule 54(b) should not be granted routinely or as an accommodation to counsel. Id. The moving party bears of the burden of demonstrating the need for relief. Id.

In determining whether "no just reason for delay" in the entry of final judgment exists, the court should consider the following factors where applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 1335-36.

However, the court must also consider that the final judgments Plaintiffs seeks against Fanatik and Jones are based on their default. Importantly, the United States Court of Appeals for the Fourth Circuit has warned that where liability among defendants is joint, several, or joint and several, a default judgment entered against a defendant only bars that defendant from participating in the adjudication of the claims, and if the participating defendants are successful on the merits of the claim, that success enures to the defaulting defendant. See U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967) (citing Frow v. De La Vega, 82 U.S. 552 (1872));

PJG

see also Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 434 (E.D. Va. 2006) ("And, if Frow still stands for anything, it explicates a cautionary warning to the courts: logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be avoided."). Other courts in this circuit, relying on Peerless and Frow, have found "just reason for delay" of the entry of default judgment against one of multiple defendants because of the possibility of inconsistent judgments between defendants in default and answering defendants. See Joe Hand Promotions, Inc. v. Sheedy, Civil Action No. 4:08-cv-1797-TLW-TER, 2010 WL 3724754, at *3 (D.S.C. May 13, 2010) (finding "just reason" to delay an entry of default judgment against the defaulting defendant because the other defendant had yet to litigate the merits of causes of action raised against both defendants); Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 434 (E.D. Va. 2006) ("[T]he avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide 'just reason for delay' within the meaning of Rule 54(b)."); but see People's United Equip. Fin. Corp. v. Wright, Civil Action No. 1:11cv0249 (LMB/JFA), 2011 WL 2607155, at * 3 (E.D. Va. June 9, 2011) (finding no just cause for delay in entering a default judgment against the defaulting defendant where the plaintiff raised one cause of action against both defendants, but the defendants raised separate defenses that would prevent the imposition of logically inconsistent judgments).

Here, the court finds Plaintiffs have met their burden of showing that they are entitled to the entry of a final judgment against Fanatik and Jones. See Braswell Shipyards, 2 F.3d at 1335. Plaintiffs' sole argument in support of the motion is that if the court issues the default judgments, Plaintiffs may be able to obtain the relief they seek against those defendants without having to litigate against the other defendant, which could hasten, rather than delay, the disposition of this

action. (Mot. for Final J., ECF No. 67 at 1.) However, Plaintiffs devote no argument to the issue of whether a judgment against Fanatik and Jones would be inconsistent with a potential judgment against the remaining defendant who has not settled and is not in default—Darren Smith. But, Plaintiffs do not raise a cause of action against Smith that they also raise against Fanatik and Jones. The sole cause of action raised as to Smith is for civil conspiracy, in which Plaintiffs allege Smith conspired with Clark, Addison, and the Doe Defendants to induce Plaintiffs to add Clark as a co-signer on Plaintiffs' bank accounts with intent to injure Plaintiffs. Therefore, any defense raised by Smith could not enure to the benefit of Fanatik or Jones. See People's United Equip. Fin. Corp., 2011 WL 2607155, at * 3. Moreover, the court finds the entry of final judgments against Fanatik and Jones would not likely lead to piecemeal appeals because there is only one defendant remaining who is actively defending against Plaintiffs' claim, which does not overlap with the claims Plaintiffs raise against the defaulted defendants. Finally, granting Plaintiffs' motion may relieve the parties of the need to litigate secondary claims if Plaintiffs can obtain the relief they seek from Fanatik and Jones.

## RECOMMENDATION

For the foregoing reasons, the court recommends Plaintiffs' motion for entry of a final judgment against Defendants Fanatik Productions, LLC and Thaddeus W. Jones, Jr. be granted pursuant to Rule 54(b). (ECF No. 67.)

November 13, 2017  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).