# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Tech Blast, Inc., *a California corporation*; Visa Tech, Inc., *a Californian corporation*, <br><br> Plaintiffs, <br><br> v. <br><br> Lewis Clark, Jr., *an individual*; Aaron Troy Addison, *an individual*; Does 1 through 20, *inclusive*; Daren Smith, *an individual, doing business as* D Smith Consulting, <br><br> Defendants. | Civil Action No.: 3:16-cv-02480-JMC <br><br> **ORDER** |

      This matter is before the court pursuant to Tech Blast, Inc. and Visa Tech, Inc.'s ("Plaintiffs") Motion to Dismiss their cause of action against Darren Smith under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 82.) Plaintiffs also seek an order dismissing the counterclaims of Smith against Plaintiffs for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) In addition, Smith filed a Motion to Dismiss himself from the case. (ECF No. 84.) In accordance with 28 U.S.C § 636(b) and Local Civil Rules 73.02 (D.S.C.), the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant both motions. (ECF No. 89.) The Report, filed on February 18, 2018, sets forth the relevant facts, which this court incorporates herein without a recitation. (*Id.*)

      The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The

court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed and reviews for clear error those portions to which there are no objections. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report (ECF No. 89 at 4), and neither party has filed objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis* at 199. "[I]n the absence of a timely filed objection, a district court . . . must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.* at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 89). Therefore, the court **GRANTS** Plaintiffs' Motion to Dismiss Smith and Smith's Counterclaims (ECF No. 82) and **GRANTS** Smith's Motion to Dismiss himself as a party (ECF No. 84).[1] Further, "Does 1

---

[1] Smith indicates that he does not "intend to counter-sue for slander etc." (ECF No. 84.)

through 20" were never served with process, and therefore, the court **DISMISSES** "Does 1 through 20" from this action.[2]


**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 2, 2018

Columbia, South Carolina

---

[2] *See* Fed. R. Civ. P. 4(m)